## ABRAM E. LEWIS, PLAINTIFF-APPELLANT, v. HERMAN C. SCHLICTING, DEFENDANT-RESPONDENT.

Submitted October term, 1927—Decided March 29, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Geran & Matlack* (*Isaiah Matlack,* of counsel).

For the respondent, *Quinn, Parsons & Doremus.*

PER CURIAM.

The plaintiff sued to recover damages for breach of a written contract between himself and the defendant, Schlicting, and there was a verdict and judgment in favor of the defendant on a counter-claim. From the judgment the plaintiff appeals.

The contract between the parties was dated February 16th, 1925, and called for the sale by Schlicting to Lewis for the consideration of $23,875 of a lot of track rails that had formerly belonged to the Central Traction Company. The plaintiff's contention was that the defendant had failed to carry out his bargain and that plaintiff suffered a loss in consequence. The contract recited the receipt of $1,000 as a binder and called for payment of the balance of the purchase price on March 1st, 1925.

According to the defendant's proof, the plaintiff insisted upon the production of a bill of sale from the defendant's vendor, the Central Traction Company, also evidence of the approval of the public utility commission of the sale by the traction company to the defendant, and that not receiving these, the plaintiff stopped payment on the check and insisted upon compliance with these conditions before carrying out the contract.

The defendant waited until the 5th of March, when nothing further being done by the plaintiff looking to payment of the purchase price, defendant sold the rails to a third party and in the present case filed a counter-claim for a loss resulting from such sale.

The first point raised on the appeal is that the court should have dismissed the defendant's counter-claim on the grounds —first, that there was no proof of a tender by him of a bill of sale, and second, that the defendant had shown no damages. These grounds are not now open to appellant. A rule for new trial was allowed by the trial court, and one of the reasons assigned, argued and passed on in the rule was that the verdict was against the weight of the evidence. Such being the case it cannot now be urged that there was no evidence to support the jury's finding. *Catterall* v. *Otis Elevator Co.,* 4 *N. J. Mis. R.* 557.

The second point is that the trial court improperly charged the jury that the contract was clear and explicit and no terms could be imported into it except as appeared upon its face. We find no exception to this part of the charge unless it be in an exception taken to the charge of certain requests submitted by the defendant, and as the requests are not printed in the state of the case, they are not before us. *State* v. *Blaine,* 6 *N. J. Adv. R.* 506, and cases cited.

The third point is that the court erred in stating that additional evidence of ownership was not necessarily required. This was a correct statement of the law and even if erroneous no adequate ground of appeal is presented in the record to bring the instruction properly before us.

The only other point urged is that the court erred in overruling a question directed to the defendant on cross-examination as to whether he offered a bill of sale to the purchaser, Lewis. This ruling did the plaintiff no harm as it was not in dispute that the bill of sale was not tendered.

The judgment is affirmed.